FILED

**NOT FOR PUBLICATION**

NOV 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY R. HUGHES,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant - Appellee. | No. 09-36017<br><br>D.C. No. 3:07-cv-01850-JE<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted October 7, 2010[**]
Portland, Oregon

Before: TASHIMA, PAEZ and CLIFTON, Circuit Judges.

Anthony R. Hughes ("Hughes") appeals from the district court's judgment

that affirmed the final decision by the Commissioner of Social Security

("Commissioner") denying Hughes's application for disability insurance benefits

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and supplemental security income under Title II of the Social Security Act.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo the district court's judgment upholding the denial of benefits.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009).  We reverse and remand for a payment of benefits.

The administrative law judge ("ALJ") erred by failing to provide specific and legitimate reasons for rejecting the opinion of Hughes's treating physician, Dr. Petterson.  Generally, "an ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Hughes's treating physician, Dr. Petterson, concluded that Hughes was totally and permanently disabled due to his chronic pain syndrome.  The ALJ rejected the opinion of Dr. Petterson on the basis that it was too heavily based on Hughes's subjective complaints and not supported by other medical evidence.  Dr. Petterson, however, properly distinguished Hughes's subjective complaints from his own clinical findings.  *Ryan v. Commissioner,* 528 F.3d 1194, 1199-1200 (9th Cir. 2008).  The record also revealed that Dr. Petterson's opinion was supported by

2

the medical findings of Drs. Sandefur and Zimmerman. Based on a careful examination of the record in its entirety, we conclude that the ALJ did not provide specific and legitimate reasons for rejecting the conclusion of Dr. Petterson, that Hughes is disabled.

An ALJ may reject lay witness testimony "only if [s]he gives reasons germane to each witness whose testimony [s]he rejects." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). In her findings, the ALJ dismissed the written statements of Hughes's lay witnesses in a conclusory fashion and failed to provide adequate reasons for discrediting each lay witness. In rejecting the lay witnesses' written statements, the ALJ overlooked concerns about Hughes's learning disability, fatigue and physical limitations. Because the ALJ did not give specific reasons supported by substantial evidence in the record, the ALJ erred in disregarding the statements by Hughes's lay witnesses.

Next, Hughes contends that the ALJ's residual functional capacity ("RFC") determination was inconsistent with the opinion of Hughes's treating physician and observations of his lay witnesses. Dr. Petterson reported that Hughes suffered from chronic pain, fatigue and was unable to perform low stress work. The ALJ, however, neither included these limitations in his RFC nor properly provided legitimate reasons why he rejected them, as he was required to do. *See Widmark v.*

3

*Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). Moreover, the ALJ only briefly summarized the evidence presented by Hughes's lay witnesses and failed to include their observations in the RFC. Accordingly, we conclude the ALJ erred in failing to include in his RFC determination the limitations identified by Dr. Petterson and Hughes's lay witnesses.

Hughes finally argues that the ALJ's hypothetical question to the vocational expert was incomplete because it was based on an improper RFC. " 'Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant . . .' " *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). The ALJ posited that Hughes was able to perform simple, routine, and repetitive work, which requires "lifting twenty pounds on an occasional basis and lifting ten pounds on a frequent basis." This hypothetical did not adequately account for all of the impairments that the ALJ found. In addition, because the ALJ improperly rejected the opinions of Hughes's treating physician and lay witnesses, "the hypothetical posed to the vocational expert was legally inadequate." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

We conclude that remand for calculation of benefits is appropriate because the vocational expert's testimony established that had the limitations identified by Dr. Petterson and Hughes's lay witnesses been adopted, a hypothetical individual

4

with Hughes's RFC would not have been capable of performing any of the jobs the ALJ identified at Step 5. *See Smolen*, 80 F.3d at 1292 (holding that remand for an award of benefits is appropriate "where (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were [the] evidence credited"). As in *Smolen*, there are no remaining issues that need to be resolved regarding Hughes's eligibility for benefits.

We therefore reverse the judgment of the district court and remand with directions that the district court reverse the Commissioner's denial of benefits and remand for the calculation and payment of benefits.

**REVERSED AND REMANDED.**

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. The ALJ provided specific and legitimate reasons, supported by substantial evidence, for rejecting the opinion of Hughes's treating physician, Dr. Petterson. Dr. Petterson's opinion was not supported by medical evidence and was contradicted by the opinions of other physicians. *See Bayliss v. Barnhart*, 427 F. 3d 1211, 1216 (9th Cir. 2005). The ALJ noted that Dr. Petterson's assessment that Hughes was completely disabled due to his chronic pain syndrome contradicted his own treatment notes, which indicated that Hughes did not experience a significant loss of strength or mobility and was able to perform a range of daily activities including driving, walking, and shopping. The findings of the neurologists, Drs. Green and Haynes, which indicated that Hughes suffered from only early stage spinal degenerative disease and mild carpal tunnel syndrome, did not support Dr. Petterson's conclusions.

The ALJ provided specific and germane reasons for discrediting the testimony of the lay witnesses Cindy Boyd, Hughes' computer instructor, and his girlfriend, Lori Ann Jackson. *See Lewis v. Apfel*, 236 F. 3d 503, 511 (9th Cir. 2001). The ALJ observed that their statements describing Hughes' pain, loss of mobility, and poor concentration, contradicted evidence in the record that suggested that he led a fairly active lifestyle. The ALJ did not fail to address the

testimony of Hughes' vocational counselor, Paige Grooms, as the claimant argues, but rather acknowledged Grooms' observations in her discussion of the records of Mountain Valley Mental Health, where Grooms was employed

Because the ALJ provided adequate reasons for rejecting the statements of Dr. Petterson and the lay witnesses, Hughes' residual functional capacity was properly presented in the hypothetical question to the vocational expert.

I would affirm the decision to deny benefits.